UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA KEI LAM SING,<br><br>    Plaintiff,<br><br>  v.<br><br>SUNRISE SENIOR MANAGEMENT, INC., INDIVIDUAL T.F., and DOES 1–20,<br><br>    Defendants. | No. C 23-00733 WHA<br><br>**ORDER RE MOTION TO REMAND AND STIPULATION FOR BINDING ARBITRATION** |

**INTRODUCTION**

This action involves plaintiff employee of a defendant senior living facility who alleges that a resident of that facility, also a defendant, sexually assaulted her. Plaintiff asserts fourteen claims based on California statutes and common law tort. Plaintiff and defendant employer have stipulated to binding arbitration, and plaintiff now moves to remand this action to state court. Because this district court lacks subject-matter jurisdiction over this action, plaintiff's motion is **GRANTED**.

**STATEMENT**

Defendant Sunrise Senior Living Management, Inc. is a Delaware corporation with its principal place of business in Virginia. It operates the Sunrise facility in San Mateo, California, where plaintiff Lana Kei Lam Sing, a California resident, was employed as a caregiver. Defendant T.F. is a resident at the San Mateo Sunrise facility, and thus also a California resident. Plaintiff additionally asserts twenty placeholder Doe defendants as various

affiliates of defendant Sunrise unknown at this time, although all claims directed to Sunrise are also directed to all Doe defendants acting individually, jointly, and severally. The factual allegations are not pertinent to this order; as a brief summary, plaintiff asserts that defendant T.F. sexually assaulted her, and that defendant Sunrise failed to address the situation and wrongfully terminated her when she took time off due to the alleged assault.

Relevant here is the procedural history. This action was filed in San Mateo County Superior Court on January 11, 2023. Defendant Sunrise was served on February 1, 2023. Sunrise removed the action to this district court on February 17, 2023, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff then served defendant T.F. with the original state court summons via substituted service on February 25, 2023 (Mot. Exh. 1). Plaintiff further served the state court summons by mail on February 27, 2023 (*ibid.*).

Plaintiff and defendant Sunrise have since stipulated to binding arbitration along with a pending request that this district court "retain jurisdiction of the Action if either party seeks to confirm or enforce the arbitration award, unless the case is remanded to state court" (Dkt. No. 13 at 3). Plaintiff also moves to remand this action back to state court pursuant to 28 U.S.C § 1447(c), on the basis that this district court lacks subject-matter jurisdiction as California resident T.F. destroys complete diversity of the parties and thus diversity jurisdiction. This order follows full briefing and oral argument by plaintiff's counsel, as no counsel for either defendant came to the scheduled in-person hearing on May 25, 2023.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve doubts as to removability in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

1979)). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id.* at 566–67.

This action does not arise under federal law, nor do the parties assert an alternate basis for jurisdiction, so the existence of diversity jurisdiction alone is dispositive on the issue of whether this action was properly removed, and therefore whether this action should now be remanded.

Both parties, in focusing on the import of whether defendant T.F. was properly served, appear to miss the forest for the trees. The Supreme Court has defined diversity jurisdiction as follows: "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(a)(1)). "Since *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), we have read the statutory formulation 'between . . . citizens of different States' *to require complete diversity between all plaintiffs and all defendants*." *Ibid.* (emphasis added) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (same).

The complaint removed here asserts claims against both nonresident defendant Sunrise and forum defendant T.F. — a California resident. Upon removal, T.F. had not been severed from this action or otherwise deemed to be an improper party. Because complete diversity was lacking since the inception of this action in state court, removal based on diversity was improper.

"Assuming lack of complete diversity, this case could not be removed unless [plaintiff's] claim against [diverse defendant] is a 'separate and independent claim or cause of action' from [plaintiff's] claim against [forum defendant] and the claim against [diverse defendant] would be removable if sued upon alone." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (citing 28 U.S.C. § 1441(c)).

Defendant Sunrise does not argue — nor could it — that plaintiff's claims against defendant T.F. are separate and independent from those against Sunrise. That is because

"[c]laims are not separate and independent of each other for the purpose of section 1441(c) if multiple claims grow out of a single actionable wrong." *Ibid.* Our complaint asserts all claims based on the same incidents of assault, and thus removal on this basis is unavailable.

Similarly, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises*, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ibid.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Defendant Sunrise does not argue, and there is nothing in the record to suggest, that defendant T.F. was fraudulently joined in this action. As such, there is simply no basis for diversity jurisdiction here.

This is and should be the end of the analysis. Sunrise, however, argues "snap removal" was proper. Snap removal does not solve the fundamental problem of lack of complete diversity. *Spencer v. United States District Court for the Northern District of California* lays out the relevant mechanisms that Sunrise argues at length:

> A civil action brought in a state court *over which federal courts have original jurisdiction* may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). However, § 1441(b) imposes a limitation on actions removed *pursuant to diversity jurisdiction*: "such action[s] shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This "forum defendant" rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Erwin Chemerinsky, Federal Jurisdiction § 5.5, at 345 (4th ed. 2003).

393 F.3d 867, 870 (9th Cir. 2004) (alteration in original) (emphases added). The practice of circumventing application of the forum-defendant rule by removing before defendants are served is sometimes referred to as "snap removal." Snap removal may apply in a situation where a defendant "*was able to remove* . . . and argue against application of the forum defendant rule because it managed to remove the case before [plaintiff] was able to serve it."

4

*See Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 918 (N.D. Cal. 2022) (Judge Edward M. Chen) (emphasis added).

It should be self-evident given the foregoing that Sunrise's reliance on snap removal is entirely inapposite because the forum-defendant rule is irrelevant if there is simply no original jurisdiction in the first place. As our court of appeals has explained in no uncertain terms:

> *Separate and apart* from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state. As explained below, we hold that this *additional limitation* on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule.

*Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (emphases added). Section 1441(b) is therefore completely inapplicable here, since it is only implicated once diversity jurisdiction otherwise exists under Section 1332. This is also why Sunrise's reliance on the 30-day time limit imposed by 28 U.S.C. § 1447(c) is misplaced. Section 1447(c) states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added). But here, the problem is precisely the lack of subject-matter jurisdiction itself, so that rule is likewise inapplicable.

To the extent that Sunrise argues snap removal can actually *confer* diversity jurisdiction where it otherwise would not exist, that argument is without merit. The Supreme Court has recognized situations where a diverse defendant may remove an action before any other defendants are served with process. However, the Supreme Court was explicit in explaining that "[i]n such a case there is diversity of citizenship," and that "the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939). Likewise, the Ninth Circuit has explained: "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Vitek*, 412 F.2d at 1176. That Ninth Circuit

decision explicitly rejected Sunrise's "further misassumption that 28 U.S.C. § 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served." *Id.* at 1176 n.1; *see N.C. ex rel. Jones v. Pfizer, Inc.*, No. C 12-00531 WHA, 2012 WL 1029518, at *4 (N.D. Cal. Mar. 26, 2012) (rejecting same argument as "the purpose of the forum-defendant rule is not to reward the surreptitious monitoring of the filing of complaints and subsequent race to the courthouse"). So too here.

A concluding example may help. Suppose a plaintiff of New York sues defendants of California and Nevada in California state court. There is complete diversity in such an action, and snap removal may win out if the Nevada defendant removes before the California defendant is served (and the 30 days of Section 1447(c) runs). On the other hand, if plaintiff is a citizen of *California*, then snap removal is irrelevant because there is no complete diversity, and removal based on diversity would never be proper.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. Plaintiff and Sunrise's stipulation that this district court retain jurisdiction for potential enforcement of the arbitration award is therefore **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 26, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE